IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK DANIEL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-102 |
| | ) | |
| JON HELTON, Judge, Dublin Judicial Circuit, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se*, and has been granted permission to proceed *in forma pauperis*. Before the Court is Plaintiff's motion for an emergency injunctive relief. (Doc. no. 9.) The Court finds it appropriate to rule on Plaintiff's motion without further delay. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for an emergency injunction be **DENIED**.

I.   DISCUSSION

In his motion, Plaintiff alleges the same facts that are the subject of his complaint, namely that Defendants are refusing to provide him with the information that he needs to challenge his incarceration in his pending state habeas corpus proceedings. (See doc. nos. 1, 9, 10.) Plaintiff states that he is attempting to show in state habeas proceedings that he is actually innocent not only of failure to register as a sex offender, but also of the underlying charges that resulted in a registration

requirement. (Doc. no. 10, p. 2.) As in his complaint, Plaintiff asks the federal court to order DNA tests and production of other, unspecified records Plaintiff argues are needed to exonerate himself. (Cf. doc. no. 1, p. 6 with doc. nos. 9, 10.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements. First, Plaintiff offers nothing to suggest a likelihood of success on the merits. He simply makes unsubstantiated allegations that he "knows" his rights have been violated, and the Court must order certain testing and production of records to vindicate Plaintiff's rights of access to the courts. (See doc. no. 10, p. 4.) Such purported intuition cannot meet the high hurdle of showing a likelihood of success on the merits.

Setting aside for the moment whether the named Defendants in this case can be compelled to provide the relief sought, to meet the minimum pleading requirements for a denial of access to the courts claim, Plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v.

2

Casey, 518 U.S. 343, 349-55 (1996). There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1291-92. Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)). Here, Plaintiff acknowledges that he still has state habeas corpus proceedings pending. Although Plaintiff presumes he will be unsuccessful without the sought after information, there is no allegation of actual injury to any viable claims, let alone any details of how the sought after information pertains to any particular claim pending in state court or how he used the proper state procedures but yet was denied information he believes he is entitled to obtain.

Second, Plaintiff has failed to establish that there is a substantial threat he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (citation omitted); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff presumes his state habeas claims will be unsuccessful without the sought after information. However, having failed to explain what if any, state procedures he followed, let alone that all avenues for obtaining the information have been exhausted prior to asking the federal court to interfere with pending state court proceedings, he offers

3

nothing in the way of specific information such that the Court could find he would suffer irreparable injury if the injunction is not granted.

Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief. Jefferson County, 720 F. 2d at 1519. As discussed above, Plaintiff's conclusory assertions in his motion and supporting brief do not satisfy the first two prongs required for injunctive relief. Thus, he is not entitled to the relief he seeks. In any event, Plaintiff's conclusory arguments regarding the third and fourth prongs are similarly meritless because they, too, fail to provide any factual detail that would satisfy his burden of proof. (See generally doc. no. 10, pp. 5-6.)

## II. CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunction he seeks. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for an emergency injunction be **DENIED**. (Doc. no. 9.)

SO REPORTED and RECOMMENDED this 5th day of November, 2014, at Augusta, Georgia.

```
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```