IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| MARK DANIEL SCOTT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CV 314-102 |
| JON HELTON, Judge, Dublin Judicial Circuit, et al., | ) |  |
| Defendants. | ) |  |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, brings the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

Plaintiff names the following Defendants: (1) Honorable Jon Helton, Judge, Dublin Judicial Circuit; (2) Honorable H. Gibbs Flanders, Chief Judge, Dublin Judicial Circuit; and Barbra Penson, Clerk of Court, Floyd County Superior Court. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has a state habeas corpus petition pending in the Superior Court of Johnson County. (Id. at 5.) "The Judges," presumably Judges Flanders and Helton, have not ruled in Plaintiff's favor when he asked for the production of records to support his request for state habeas corpus relief. (Id.) Defendant Penson is the Clerk of Court for the Superior Court where the convictions were obtained that Plaintiff is attempting to challenge via a state habeas petition. (Id.) She has not provided Plaintiff with his "1996 and 2005 transcripts" that would show he was not told to register as a sex offender. (Id.) "A continued conspiracy by the government" to deprive Plaintiff of the records he seeks has resulted in his continued illegal imprisonment. (Id.) Plaintiff seeks an order from the Court "for exoneration of a D.N.A. test," production of all the records he sought but was denied during his state habeas proceedings, and $5,000 in damages from each Defendant for not giving him the records he wants. (Id. at 6.)

B.  DISCUSSION

1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Damages against Chief Judge Flanders and Judge Helton.

Plaintiff's request for monetary damages against Judges Flanders and Helton is barred by judicial immunity.[1] It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously,

---

[1] To the extent Plaintiff's claims against these two Defendants could be construed as a request for injunctive relief, such claims are not barred by the same principles as those barring requests for monetary damages. See Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000). Nonetheless, such a request for injunctive relief would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994), as discussed *infra*, Part I.B.4.

3

or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether these judges were dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside their subject matter jurisdiction. See id. at 359-64.

As Plaintiff makes no allegation that either judge acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether their actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Of note, the mere allegation of a conspiracy with a party to the controversy underlying a judicial act does not strip a judge of immunity for claims relating to that act. See Dykes v. Hosemann, 776 F.2d 942, 945-46 (11th Cir. 1985) (*en banc*). Here, Plaintiff alleges only that the judges ruled against him on his requests to obtain records to support his state habeas corpus petitions. He provides no other details that would otherwise suggest the challenged actions were not of the type normally performed by judges, i.e., ruling on motions filed in a case before them. Thus, Plaintiff fails to state a valid claim for relief for damages against these two Defendants.

### 3. Plaintiff Fails to State a Claim for Relief Against Defendant Penson.

The only mention of Defendant Penson, the Clerk of Court for the Floyd County Superior Court, is Plaintiff's statement that she "continues to deny [him his] 1996 and 2005 transcripts to show [he] was never told to register" as a sex offender. (Doc. no. 1, p. 5.) Plaintiff provides no information as to what kind of request for his transcripts he may have made, nor does he describe the circumstances under which his request may have been denied. Yet he claims that Defendant Penson is denying him access to the courts. (Id.)

4

To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996). There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1290-91. Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)).

Here, Plaintiff acknowledges that he still has state habeas corpus proceedings pending. He has provided no details about any other legal proceedings, let alone proceedings of a nonfrivolous nature that have been hampered, denied, or dismissed. As Plaintiff fails to specify any actual injury to a nonfrivolous legal action caused by Defendant Penson, or for that matter either of the other two named Defendants, he fails to state a viable claim for denial of his right to access the courts.

### 4. Plaintiff Fails to State a Claim for Wrongful Imprisonment.

Even if Plaintiff had named proper Defendants, to the extent he may be attempting to bring a claim for wrongful imprisonment, either based on deprivation of records or some type of government conspiracy, such a claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. at 486-87. The Supreme Court further explained, if "a judgment in favor of the plaintiff would

5

necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Unsurprisingly, where "success on his conspiracy claim necessarily would impugn the validity of [plaintiff's] conviction," and such conviction has not been overturned, the claim will be barred by Heck. See Baker v. City of Hollywood, 391 F. App'x 819, 821 (11th Cir. 2010) (allegation that defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify falsely at trial, and "improperly prosecute[]" plaintiff were barred by Heck); see also Salas v. Pierce, 297 F. App'x 874, 876 (11th Cir. 2008) (district court properly found that "claim against the Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty" was barred by Heck because plaintiff failed to allege his sentence or conviction had been reversed). Moreover, vague and conclusory allegations will not support a conspiracy claim. Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985); see also Fullman

v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed.").

Here, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Nor has he provided any details of any alleged agreement by any members of the government, let alone the three named Defendants, to conspire to wrongfully keep Plaintiff in prison. Thus, any claim for wrongful imprisonment should be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA